IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OILFIELD CNH MACHINING, LLC<br>Serve Registered Agent:<br>   Thomas Clements<br>   416 Cherokee Lane<br>   Lafayette, LA 70508<br><br>And<br><br>THOMAS CLEMENTS<br>   416 Cherokee Lane<br>   Lafayette, LA 70508<br><br>Defendants. | Case No.: 14cv89-MWB |

## COMPLAINT

COMES NOW Plaintiff General Electric Capital Corporation and for its Verified Complaint against Defendant Oilfield CNH Machining, LLC and Thomas Clements ("Defendants"), states the following:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff General Electric Capital Corporation ("GECC" or "Plaintiff"), is a citizen of the State of Delaware and does business in Cedar Rapids, Iowa.

2. Defendant Oilfield CNH Machining, LLC ("Oilfield") is a citizen of the State of Louisiana and has its principal place of business in Louisiana.

3. Defendant Thomas Clements ("Thomas Clements") is a domiciled in and a citizen of the State of Louisiana.

4. Jurisdiction is proper with this Court as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

5. Venue is proper within this judicial district as a substantial part of the events or omissions giving rise to this claim occurred herein. See 28 U.S.C. § 1391(b)(2).

6. Additionally, jurisdiction and venue are proper with this Court because the parties agreed to jurisdiction and venue in federal court in the State of Iowa.

## FACTS COMMON TO ALL COUNTS

### *The Lease Agreement*

7. On or about September 7, 2013, Oilfield executed and delivered to GECC, a Lease Agreement ("The Lease Agreement") for equipment. A true and correct copy of The Lease Agreement is incorporated into Exhibit A, and is incorporated herein by this reference.

8. The terms and conditions of the Lease Agreement provide that Oilfield was to pay fifty-nine (59) monthly payments in the amount of $5,589.00 after an initial payment of $17,481.00, as set forth in the Lease Agreement.

9. On or about October 11, 2013, Oilfield executed and delivered a Modification to the Lease Agreement ("Modification"), modifying the equipment address. A true and correct copy of the Modification is incorporated into Exhibit A, and is incorporated herein by this reference.

10. On September 7, 2013, Thomas Clements signed and delivered a Guaranty agreement to GECC (collectively referred to herein as the "Guaranty" or "Guaranty Agreement"). A true and correct copy of the Guaranty Agreement is incorporated into Exhibit A and is incorporated herein by this reference.

11. Pursuant to the Guaranty, Thomas Clements individually agreed to guaranty, among other obligations as provided therein, the repayment of all obligations, whether then existing or arising thereafter, owed to GECC by Oilfield.

12. GECC relied on the Guaranty in entering into the Lease Agreement with Oilfield.

13. The Lease Agreement and the Modification are collectively referred to hereafter as the "Lease" or "Lease Agreement."

14. The Lease Agreement, Guaranty and all other documents evidencing, securing, or relating to the Lease made by GECC to Oilfield are collectively referred to herein as the "Lease Documents."

15. All payments that were required of Defendants under the terms and conditions of the Lease Agreement and Guaranty are collectively referred to herein as the "Payments."

### *Non-payment, Default and Acceleration*

16. Under the Lease Agreement, Oilfield was obligated to make the Payments to GECC.

17. Oilfield failed to make the Payments to GECC in accordance with the terms of the Lease Agreement and is in default of its obligations under the Lease Agreement.

3

18. GECC made demand on Oilfield by sending it a demand letter dated May 30, 2014, demanding the full payment of all past due amounts under the Lease Agreement ("Oilfield Demand Letter"). A true and correct copy of the Oilfield Demand Letter is attached hereto as Exhibit B and is incorporated by this reference.

19. The entire indebtedness that is due under the Lease Agreement is accelerated and presently due, including all attorney's fees and costs that GECC has incurred and will incur in the future to enforce the Lease Agreement. The Equipment has been recovered and sold, and the proceeds have been applied to the balance due in the amount of $154,000.00.

### *Default of the Guaranty*

20. Pursuant to the terms of the Guaranty, Thomas Clements promised to guaranty all obligations owed to GECC by Oilfield, which include, without limitation, payment of all amounts due under the Lease Agreement.

21. GECC made demand on Thomas Clements for the immediate and full payment of the amounts due under the Guaranty and the Lease, as evidenced by the demand letter.

22. Despite demand, Thomas Clements has not responded and has failed to pay GECC the amounts due and owing under the Guaranty and the Lease.

### COUNT I – BREACH OF LEASE AGREEMENT AGAINST OILFIELD

23. GECC restates and incorporates by reference herein the allegations set forth in the preceding paragraphs of this Complaint.

24. Oilfield is in payment default of its obligations to GECC under the terms of the Lease Agreement and, therefore, Oilfield has breached the Lease Agreement.

4

25. GECC made demand upon Oilfield for the past due amounts that are owed under the Lease Agreement, but Oilfield has failed to make payment.

26. All indebtedness that Oilfield owes under the Lease Agreement is currently due and owing to GECC.

27. Pursuant to the terms of the Lease Agreement, Oilfield promised to pay GECC all costs that it incurs in collecting the amount due under the Lease Agreement, including, without limitation, attorneys' fees and court costs.

28. GECC has incurred, and continues to incur, costs and expenses, including attorneys' fees, to collect the amount due under the Lease Agreement for which Oilfield is liable.

29. GECC has suffered damages because of the material breaches of the Lease Agreement by Oilfield.

30. After applying all payments and credits to which Oilfield is entitled, as of June 3, 2014, Oilfield owes GECC the following amounts on the Lease Agreement: the principal amount of $128,647.59, plus interest on the principal sum at the rate of 7.82% per annum, until paid, plus reasonable attorneys' fees, and all costs, expenses and other charges assessable to Oilfield under the Lease Agreement and applicable law.

### COUNT II – BREACH OF GUARANTY AGAINST THOMAS CLEMENTS

31. GECC restates and incorporates by reference herein the allegations set forth in the preceding paragraphs of this Complaint.

32. Thomas Clements is in default of his obligations to GECC under the terms of the Guaranty.

5

Case 1:14-cv-00089-MWB   Document 2   Filed 07/16/14   Page 5 of 8

33. GECC demanded that Thomas Clements, pursuant to the Guaranty, pay all sums that Oilfield failed to pay under the Lease, but, to date, Thomas Clements has not made payment.

34. Thomas Clements is in default of his obligations to GECC based upon his payment breaches under the Guaranty.

35. GECC advanced Lease proceeds to Oilfield in reliance on the Guaranty.

36. Pursuant to the terms of the Guaranty, Thomas Clements is liable, in solido, with Oilfield for all sums due under the Lease Agreement.

37. All indebtedness that Thomas Clements owes under the Guaranty is currently due and owing to GECC under the Lease Agreement.

38. Pursuant to the terms of Guaranty, Thomas Clements promised to pay GECC for all costs that it incurs in collecting the sums due under the Guaranty and the Lease, including, without limitation, attorneys' fees and court costs.

39. GECC has incurred, and continues to incur, costs and expenses, including attorneys' fees and expenses, in collecting the sums due under the Guaranty and the Lease for which Thomas Clements are liable.

**WHEREFORE**, Plaintiff General Electric Capital Corporation respectfully requests that the Court enter a judgment in its favor and against Defendants Oilfield and Thomas Clements in the amount of $128,647.59, plus future accruing interest and late fees, pre-judgment interest, and attorney's fees, costs, expenses and other charges assessable to Oilfield and Thomas Clements under the Lease Agreement, Guaranty and applicable law, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Abbe M. Stensland, AT0008831
Robert E. Konchar AT0004383
Erin R. Nathan, AT0009092
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Tel: 319-366-7641; Fax: 319-366-1917
astensland@simmonsperrine.com
enathan@simmonsperrine.com

ATTORNEYS FOR PLAINTIFF GENERAL
ELECTRIC CAPITAL CORPORATION

# VERIFICATION

STATE OF __Iowa__ )
) ss.
COUNTY OF __Linn__ )

Rick Tyler, being first duly sworn upon his oath, states that he is a Litigation Specialist for General Electric Capital Corporation, that General Electric Capital Corporation authorizes him to verify the above Complaint, and that the factual allegations contained therein are true and correct to the best of his knowledge and belief.

**General Electric Capital Corporation**

By: _____
Rick Tyler
Litigation Specialist

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office in __Cedar Rapids, IA__, this __7th__ day of __July__ 2014.

_____
Notary Public  and State

ANTHONY H. JANNEY
Commission Number 766413
My Commission Expires
1/24/2017

(Type, print or stamp the Notary's name below his or her signature.)

My Commission Expires:

__1/24/2017__

8