**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>OILFIELD CNH MACHINING, L.L.C., and THOMAS CLEMENTS,<br><br>    Defendants. | No. C 14-89-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>_____ |

**TABLE OF CONTENTS**

*I.   INTRODUCTION AND BACKGROUND ............................................... 2*

*II.  ANALYSIS ................................................................................. 3*
   *A.   Standard For Entry Of Default And Default Judgment .................... 3*
   *B.   Application Of The Standards ................................................ 4*
      *1.   Entry of default and liability ........................................... 4*
      *2.   Default judgment and damages ....................................... 5*

*III. CONCLUSION ........................................................................... 7*

## *I.    INTRODUCTION AND BACKGROUND*

A lease agreement was formed on September 7, 2013, between defendant Oilfield CNH Machining, LLC (Oilfield) and plaintiff General Electric Capital Corporation (GECC). The agreement provides that GECC will lease equipment to Oilfield. According to GECC's complaint, "The terms and conditions of the Lease Agreement provide that Oilfield was to pay fifty-nine (59) monthly payments in the amount of $5,589.00 after an initial payment of $17,481.00, as set forth in the Lease Agreement." Complaint (docket no. 2), 2. On the same day the lease agreement was formed, defendant Thomas Clements (Clements), in his individual capacity, guaranteed the repayment of any obligations owed to GECC by Oilfield. Complaint, Exhibit A (Lease Agreement) (docket no. 2-1), 3. GECC relied upon Clements's personal guaranty in entering into the lease agreement.

After the lease agreement was formed, Oilfield allegedly failed to make payments to GECC. Despite sending a demand letter to Oilfield on May 30, 2014, to pay the past due amounts, GECC has not received payments in accordance with the lease agreement. As a consequence, GECC argues, Oilfield "is in default of its obligations under the Lease Agreement," and "Oilfield breached the Lease Agreement." Complaint at 3–4. GECC also alleges, "Clements is liable, in solido, with Oilfield for all sums due under the Lease Agreement." Complaint at 6.

On July 16, 2014, GECC filed its Complaint requesting that I enter a judgment in its favor and against defendants Oilfield and Clements for $128,647.59, plus interest and late fees, attorney's fees, and other charges owed under the agreement. Oilfield and Clements were served with copies of the Summons and Complaint on July 24, 2014, and had until August 25, 2014, to move or plead, but have failed to do either.

On August 28, 2014, GECC requested an entry of default by the clerk of court in its favor. The next day, the clerk of court entered a default (docket no. 8), pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure. On September 3, 2014, GECC filed a motion requesting that this Court enter a default judgment (docket no. 9), which reflects that it was served upon the defendants. Yet again, neither Oilfield nor Clements filed a response to GECC's requested default judgment.

## II. ANALYSIS

I must confront the issue of whether to enter a default judgment award for GECC, pursuant to Rule 55(b)(2), after the Clerk Of Court has entered a default against the defendants under Rule 55(a). *See Fraserside IP L.L.C. v. Faragalla*, No. C11-3032, 2012 WL 124391, *2 (N.D. Iowa Jan. 17, 2012).

### A. Standard For Entry Of Default And Default Judgment

I have previously summarized the procedure under Rule 55 for obtaining the entry of a default and a default judgment. *See Hayek v. Big Bros./Big Sisters of Am.*, 198 F.R.D. 518, 520 (N.D. Iowa 2011). Thus, my statement of the standards here will be brief.

If a defendant "'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a)," the entry of a default under Rule 55(a) "must precede" the grant of a default judgment under Rule 55(b). *Id*. (citations omitted). In other words, Rule 55 requires two sequential steps before entry of a default judgment: "first, pursuant to [Rule] 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to [Rule] 55(b), the moving party may seek entry of judgment

on the default under either subdivision (b)(1) or (b)(2) of the rule." *Id*. (internal quotation marks and citation omitted).

## B. Application Of The Standards
### 1. Entry of default and liability

As alluded to above, an entry of default is a prerequisite to a default judgment. *See Panda Investments, Inc. v. Jabez Enterprises Ltd.*, No. 07-CV-114, 2007 WL 4556785, *3 (N.D. Iowa Dec. 20, 2007) (citing to Rule 55(a)). If a default is entered, it "is an interlocutory action; it is not itself a judgment." *Id*. (citing to *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)). When a defendant fails to answer or otherwise defend an action, the defendant "is deemed to have admitted the well-pleaded allegations of the Complaint." *Cedar Rapids Elec. Apprenticeship Training & Educ. Trust v. Roth*, No. 12–CV–2038, 2012 WL 5269188, *2 (N.D. Iowa Oct. 24, 2012) (citation omitted). As a consequence, the defendant's liability is established. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover.").

In this case, the defendants' liability to GECC is established. The record is clear that the Clerk Of Court filed an entry of default (docket no. 8) on August 29, 2014. The defendants have failed to plead or otherwise defend this action against GECC. Nor have the defendants appeared in court or otherwise participated in this lawsuit since GECC filed its Complaint on July 16, 2014. The defendants' inaction shows me that the defendants do not desire to contest the action. Accordingly, I find that the defendants

were rightly found to be in default pursuant to Rule 55(a) and are liable to GECC. *See Brown*, 477 F.2d at 531.

### 2. *Default judgment and damages*

Although GECC completed the first step in the process of obtaining a default judgment pursuant to Rule 55(a), the second and final step requires GECC to apply for a default judgment pursuant to Rule 55(b)(1) or (b)(2). FED. R. CIV. P. 55(b). GECC seeks entry of a default judgment pursuant to Rule 55(b)(2). Thus, I turn to consideration of whether it is appropriate in this case to enter a default judgment pursuant to Rule 55(b)(2). *See Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997) ("Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2) . . .").

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Faragalla*, 2012 WL 124391 at *2 (citations omitted). A default judgment cannot be entered where the amount of damages has not been ascertained. *See Hagen v. Sisseton–Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). Rule 55(b)(2) provides that a court "may conduct hearings or make referrals" where, in order to enter a judgment, the court needs to "determine the amount of damages." FED. R. CIV. P. 55(b)(2)(B). "An evidentiary hearing should be held unless a claim is for a 'sum certain,' meaning 'there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default.'" *Peninsula Gaming Co., LLC v. Rabalais*, No. 10–CV–1030, 2011 WL 938991, *5 (N.D. Iowa 2011) (citation omitted).

For example, I confronted a markedly similar set of facts two years ago in *Faragalla*, 2012 WL 124391 at *1. There, the plaintiff obtained an entry of default against the defendants by the Clerk Of Court based on the defendants' alleged copyright

5

and trademark infringements. *Id*. The plaintiff subsequently requested an entry of judgment on the default by this Court. *Id*. After analyzing Rule 55, this Court reasoned that the "substantive material issues of fact alleged in the complaint appear to be at issue, namely [the plaintiff's] damages." *Id*. at 3. Because the plaintiff did not prove its actual damages by a preponderance of the evidence, I did not enter a default judgment. *Id*. Instead, I "set a hearing to determine whether and in what amount, default judgment should be entered in this case." *Id*. (citing to Rule 55(b)(2); *Hagen*, 205 F.3d at 1042 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)).

Here, the defendants' liability is established, but GECC has not proven its damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) ("Even if Larson's liability for tortious interference is taken as established, ELC must still prove its actual damages to a reasonable degree of certainty."). Attached to one of GECC's affidavits supporting its request for a default judgment is a "Balance Due Summary" (docket no. 9-1), 3. In that document, GECC provides that it mitigated its damages by reselling the leased equipment for $154,000.00. Even though the equipment was resold and the defendants do not seem to have retained the equipment for the full lease period, GECC asserts it is entitled to full payment, for the entire lease period, without explanation. *Rabalais*, 2011 WL 938991 at *5 ("The fact that a complaint makes a demand for a specific dollar amount is insufficient to make it a claim for a sum certain.").

In addition, the lease agreement between the parties does not provide that GECC is entitled to a remaining balance "in the amount of $128,647.59, plus accruing interest at the rate of 7.82 per annum and attorney' fees, costs and expenses in the amount of $2,648.00 and such other relief as the Court deems just and proper," as GECC contends in its Motion For Default Judgment (docket no. 9), ¶ 8 and Prayer. Indeed, an "interest payment" is only cited briefly in the Lease Agreement (docket no. 2-1), and not in the context of damages for a breach of the agreement, but in § 16, which is entitled,

6

"Compliance with Laws." The only payments explicitly detailed in the Lease Agreement include an initial payment of $17,481.00; 59 monthly payments in the amount of $5,589.00; and a $350.00 administration fee. Lease Agreement at 2.

Finally, the demand letter from GECC's "Litigation Specialist" to Clements, dated May 13, 2014, conflicts with GECC's other payment calculations of record. In the demand letter, GECC asserts that Oilfield "is past due in its payments to [GECC] in the aggregate amount of $29,342.25 (representing past due Rent payments, taxes due and late fees), plus continually accruing fees, costs and expenses, including without limitation, attorney's fees." Complaint, Exhibit (docket no. 2-2), 2. In its demand letter, GECC then informs Clements that if he fails to pay under the lease agreement, there will be an "automatic acceleration" of the payment owed: "Upon acceleration, $280,766.12 shall be immediately due and payable by [Clements] to [GECC] plus any applicable fees, costs and expenses owed or owing by [Clements] under the terms of the Lease." *Id*. Taking the lease agreement and all of GECC's payment calculations of record into account, I find that GECC has not met its burden of proving its actual damages by a preponderance of the evidence. *Faragalla*, 2012 WL 124391 at *3 (citing *Everyday Learning Corp.*, 242 F.3d at 818). An evidentiary hearing is necessary to clarify GECC's actual damages. *See Stephenson v. El Batrawi*, 524 F.3d 907, 9011 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment.").

### III.  CONCLUSION

For the foregoing reasons, ruling is **reserved** on GECC's Motion For Default Judgment against Oilfield and Clements. Although GECC has established the defendants' liability, upon their default, GECC's proof of damages is unreliable. Thus, **an evidentiary hearing** at which GECC will have the burden of proving its damages by a

preponderance of the evidence, *see* FED. R. EVID. 55(b)(2); *see also Everyday Learning Corp.*, 242 F.3d at 818 (affirming district court's decision not to award damages after default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence."), **is scheduled for Monday, November 3, 2014, at 1:30 p.m. at the United States Courthouse in Sioux City, Iowa.**

I prefer doing the hearing by telephone or video conference to cut down on the parties' costs. There must be an exceptional reason to hold an in-person hearing. GECC's counsel needs to discuss both the advantages and disadvantages of holding an in-person hearing with GECC. If GECC elects to hold an in-person hearing after that discussion, a representative of GECC must submit an affidavit indicating that it understands the costs of an in-person hearing and prefers proceeding with an in-person hearing. GECC shall notify my administrative assistant, Jennifer Gill (jennifer_gill@iand.uscourts.gov or 712/233-3309), not later than October 15, 2014, whether the hearing can be conducted telephonically, by video conference, or must be in person.

**IT IS SO ORDERED.**

**DATED** this 29th day of September, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA