# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br>vs.<br><br>OILFIELD CNH MACHINING, L.L.C., and THOMAS CLEMENTS,<br><br>    Defendants. | No. C 14-89-MWB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

_____

This matter is before me on Plaintiff General Electric Capital Corporation's (the plaintiff) motion for entry of default judgment against Defendant Oilfield CNH Machining, L.L.C., and Thomas Clements (the defendants), following the entry of default by the Clerk of Court (docket no. 9). I previously filed an order reserving ruling on the plaintiff's motion for a default judgment until the plaintiff was able to sufficiently establish the defendants' liability and proof of the plaintiff's damages. In that order, I set an evidentiary hearing for November 3, 2014, where the plaintiff would "have the burden of proving its damages by a preponderance of the evidence." Order (docket no. 10), 7–8.

Entering a default and default judgment is a two-step process, which is governed by Rule 55 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(b). First, under Rule 55(a), the moving party must file a motion for entry of default by the Clerk of Court demonstrating that the opposing party has failed "to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . ." *See* FED. R. CIV. P. 55(a). Second, under Rule 55(b), after the Clerk of Court enters a default, the moving party "must apply

to the court for a default judgment" against the defaulting party. *See* FED. R. CIV. P. 55(b).

Here, as to Rule 55(a), the plaintiff filed its Request for Entry of Default by Clerk on August 28, 2014 (docket no. 7). In that motion, the plaintiff indicated that the plaintiff filed a complaint against the defendants on July 16, 2014, and the defendants' answer or responsive pleading was due by August 14, 2014. Because neither the plaintiff nor the Clerk of Court received an answer or responsive pleading by the defendants, the Clerk of Court entered default against the defendants on August 29, 2014 (docket no. 8).

As to Rule 55(b), after I filed an order reserving ruling on the plaintiff's motion, the plaintiff filed a supplemental affidavit by Rick Tyler on October 29, 2014 (docket no. 12). The affidavit includes attached exhibits (i.e., Exhibits 1, 2, 3, and 4) in support of the plaintiff's claims for damages, attorney fees, and costs (docket no. 12). Rick Tyler testified in support of his affidavit and the plaintiff's exhibits at the evidentiary hearing. Based on Tyler's testimony and the plaintiff's papers filed with this Court, I grant the plaintiff's default judgment and find the defendants are liable for breaching their lease agreement with the plaintiff. At the conclusion of the evidentiary hearing, the plaintiff's attorney, at my invitation, requested an additional $1,200 based on the time spent preparing for the hearing. The fees sought by the plaintiff's attorney reflect a reasonable amount of attorney time devoted to the evidentiary hearing that occurred this afternoon.

**IT IS SO ORDERED.**

**DATED** this 3rd day of November, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA