# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br>vs.<br><br>OILFIELD CNC MACHINING, L.L.C., and THOMAS CLEMENTS,<br><br>    Defendants. | No. C 14-89-MWB<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR AMENDED JUDGMENT AND MOTION TO CORRECT** |

_____

This matter is before me following the plaintiff's Motion For Amended Judgment Under Rule 59(e) (docket no. 17) and Motion To Correct Under Rule 60(a) (docket no. 18).

First, as to plaintiff's motion under Rule 59(e), the plaintiff seeks an "amended judgment that recites the specific amounts awarded" in accordance with my decision to grant the plaintiff's default judgment on November 3, 2014. In an order filed on November 3, 2014, I set forth the two-step process governing the entry of a default and default judgment under Rule 55 of the Federal Rules of Civil Procedure. After applying and analyzing Rule 55(a) and (b), I "grant[ed] the plaintiff's default judgment and [found] the defendants [ ] liable for breaching their lease agreement with the plaintiff." However, I did not include the specific monetary award that I granted in the judgment or order.

Pursuant to the plaintiff's motion under Rule 59(e),[1] I am amending my judgment in accordance with relief that I previously granted on November 3, 2014. In doing so, I am rendering a specific monetary judgment in favor of the plaintiff, General Electric Capital Corporation (GECC), and against the defendants, Oilfield CNC Machining, LLC and Thomas Clements, jointly and severally, in the amount of $128,647.59, plus interest from the date of entry of the judgment, until paid, at the rate of 7.82% *per annum*, which is the stated interest rate in the contract. I am also awarding attorney fees, costs, and expenses in the amount of $3,848.00, which includes the additional $1,200.00 in attorney fees that I awarded on November 3, 2014.

Second, as to plaintiff's motion under Rule 60(a), the plaintiff seeks to correct a clerical or typographical error made by the plaintiff regarding the defendant's name. According to the plaintiff, "Upon filing of this action on July 16, 2014, a typographical error was made in the caption of the Complaint, wherein the name of the Defendant LLC was stated as 'Oilfield CN*H* Machining, LLC.' . . . The correct name of the Defendant, as identified on the parties' lease agreement attached to the Complaint, is 'Oilfield CN*C* Machining, LLC.'"

Pursuant to the plaintiff's motion under Rule 60,[2] I am replacing references made to "Oilfield CN*H* Machining, LLC" in the judgment with the proper name of the

---

[1] Federal Rule of Civil Procedure 59(e) provides in full: "**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59. The judgment in this case was filed on November 3, 2014, and the plaintiff filed its motion for an amended judgment under Rule 59(e) on December 1, 2014. Therefore, the motion was filed within 28 days of the entry of the judgment.

[2] Federal Rule of Civil Procedure 60(a) provides in full: "**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake

defendant, "Oilfield CN*C* Machining, LLC." *See McNamara v. City of Chicago*, 138 F.3d 1219, 1221 (7th Cir. 1998) (finding district court did not commit reversible error by correcting a typographical mistake where the district court replaced "Chicago Police Department" with "Chicago Fire Department" and because it "was the correction of a clerical error, it could be made by the district judge 'at any time.'") (citing to Fed. R. Civ. P. 60(a)). Although the mistake was made by the plaintiff in this case, a "clerical mistake" under Rule 60(a) is not confined to a mistake committed only by a clerk. *See Pattiz v. Schwartz*, 386 F.2d 300 (1968) (noting that a "clerical mistake" is not limited to a clerk, and suggesting that clerical mistakes include mistakes made by the court, a clerk, the jury, or a party). Therefore, for the reasons discussed above, I am granting the plaintiff's requested relief, and the amended judgment will reflect my changes above.

**IT IS SO ORDERED.**

**DATED** this 9th day of December, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." FED. R. CIV. P. 60(a).